UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>PARNON ENERGY INC., ARCADIA PETROLEUM LTD, ARCADIA ENERGY (SUISSE) SA, NICHOLAS J. WILDGOOSE and JAMES T. DYER,<br><br>　　　　　Defendants. | ECF CASE<br><br>11 cv 3543 (WHP)<br><br>ANSWER AND AFFIRMATIVE DEFENSES<br><br>Jury Trial Demanded |

　　　　Defendants Parnon Energy Inc., Arcadia Petroleum Ltd, Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer, by and through their undersigned attorneys, in answer to the Complaint of Plaintiff U.S. Commodity Futures Trading Commission ("Plaintiff"), state as follows:

## GENERAL OBJECTION

　　　　Defendants object to the manner in which the CFTC has stated the allegations against them. The majority of paragraphs in the CFTC's Complaint include numerous sentences with distinct allegations, such that Defendants cannot admit or deny paragraphs as a whole. Further, many individual sentences in the Complaint are compound, incomplete or partially inaccurate, such that Defendants cannot admit or deny sentences as a whole. Defendants below deny all sentences not true or accurate in their entirety.

　　　　1.　　　　Paragraph 1 makes no allegation against Defendants; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of Paragraph 1, except admit the allegations contained in the second sentence.

2. Defendants deny the allegations of Paragraph 2.

3. Defendants deny the allegations of Paragraph 3.

4. Defendants deny the allegations of Paragraph 4.

5. Defendants deny the allegations of Paragraph 5.

6. Paragraph 6 purports to state a legal conclusion; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of Paragraph 6.

7. Paragraph 7 purports to state a legal conclusion; therefore, no response from Defendants is required. To the extent a response is required, Defendants admit the allegations of Paragraph 7.

8. Paragraph 8 purports to state a legal conclusion; therefore, no response from Defendants is required. To the extent a response is required, Defendants admit that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. 13a-1(e)(2006). Defendants deny that any acts or practices of Defendants in violation of the Act have occurred or are occurring in this District or elsewhere.

9. Paragraph 9 makes no allegation against Defendants; therefore, no response from Defendants is required. To the extent a response is required, Defendants admit that the CFTC is an independent federal regulatory agency whose authority and responsibilities are governed by the provisions of the Act and the regulations promulgated thereunder. Defendants deny all allegations inconsistent with, or broader than, such provisions.

10. Defendants deny the allegations of Paragraph 10, except admit the allegations contained in the first and second sentences, and admit that Parnon has never owned or operated an oil refinery.

11.     Defendants deny the allegations of Paragraph 11, except admit the allegations contained in the first two sentences.

12.     Defendants deny the allegations of Paragraph 12, except admit the allegations contained in the first, second and fifth sentences, and admit that at certain times during the relevant period the business of Arcadia Suisse included the trading of crude oil futures on NYMEX and ICE.

13.     Defendants deny the allegations of Paragraph 13, except admit the allegations contained in the first and second sentences.

14.     Defendants deny the allegations of Paragraph 14. Answering further, Defendants state that Defendant Wildgoose began consulting for Parnon Energy Inc. and Arcadia Energy (Suisse) SA in January, 2008. He did not consult for, act on behalf of or act as an agent for any other entity included in Plaintiff's definition of "Parnon/Arcadia."

15.     Defendants deny the allegations contained in the first sentence of Paragraph 15. The remaining sentences of Paragraph 15 make no allegation against Defendants; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations contained in the third and fourth sentences and admit the allegations contained in the second sentence.

16.     Paragraph 16 makes no allegation against Defendants; therefore, no response from Defendants is required. To the extent a response is required, Defendants admit the allegations of Paragraph 16.

17.     Paragraph 17 makes no allegation against Defendants; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of Paragraph 17, except admit that ICE operates a London-based exchange for the

trading and/or clearing of futures and other derivatives, including WTI futures, options and swaps, and admit the allegations contained in the third and fourth sentences.

18.     Paragraph 18 makes no allegation against Defendants; therefore, no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 18, except admit the allegations contained in the second sentence, admit that during the cash window market participants can, *inter alia*, balance their positions and offset short and long positions, and admit that trading activity during the cash window is one of many indicators to the market regarding the next month's end-of-month balances of Cushing oil stocks.

19.     The first nine sentences of Paragraph 19 make no allegation against Defendants; therefore, no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 19, except admit the allegations contained in the fourth and ninth sentences.

20.     Paragraph 20 makes no allegation against Defendants; therefore, no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 20, except admit that one way to trade calendar spreads is to take a "long" position (*i.e.*, to buy a contract for the delivery of oil in one month and sell a contract for the delivery of oil in a subsequent month), and admit that taking a "short" calendar spread position involves selling a contract for the delivery of oil in one month and buying a contract for the delivery of oil in a subsequent month.

21.     Paragraph 21 makes no allegation against Defendants; therefore, no response from Defendants is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 21, except admit the allegations contained in the second sentence and admit that the market generally is considered to be in "backwardation" when the near month

price exceeds the second month price and in "contango" when the near month price is less than the second month price.

22. Paragraph 22 makes no allegation against Defendants; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23. Answering further, Defendants state that the language quoted in Paragraph 23 was taken out of context. The document from which the language was taken speaks for itself, and Defendants deny all allegations inconsistent with the terms thereof.

24. Defendants deny the allegations of Paragraph 24. Answering further, Defendants state that the language quoted in Paragraph 24 was taken out of context. The document from which the language was taken speaks for itself, and Defendants deny all allegations inconsistent with the terms thereof.

25. Defendants deny the allegations of Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27. Answering further, Defendants state that the language quoted in Paragraph 27 was taken out of context. The document from which the language was taken speaks for itself, and Defendants deny all allegations inconsistent with the terms thereof.

28. Defendants deny the allegations of Paragraph 28, except admit that from approximately January 8 through 18, 2008 Defendants acquired a cash WTI component of their long February/March 2008 WTI calendar spread position consisting of approximately 4.6 million barrels.

29. Defendants deny the allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31. Answering further, Defendants state that the language quoted in Paragraph 31 was taken out of context. The document from which the language was taken speaks for itself, and Defendants deny all allegations inconsistent with the terms thereof.

32. Defendants deny the allegations of Paragraph 32, except admit that their long February/March 2008 WTI calendar spread position included a WTI futures component of approximately 13,600 contracts on or around January 10, 2008.

33. Defendants deny the allegations of Paragraph 33, except admit that between approximately January 16 and 18, 2008 they sold approximately 10,700 contracts of the WTI futures component of their long February/March 2008 WTI calendar spread position.

34. Defendants deny the allegations of Paragraph 34, except admit that their long February/March 2008 WTI calendar spread position included a cash WTI exposure of approximately 4.35 million barrels on or around January 23, 2008.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36. Answering further, Defendants state that the language quoted in Paragraph 36 was taken out of context. The documents from which the language was taken speak for themselves, and Defendants deny all allegations inconsistent with the terms thereof.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38, except deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence.

39. Defendants deny the allegations of Paragraph 39, except admit that the March/April 2008 NYMEX WTI futures spread settlement price on January 25 was $0.24, down from the prior day's settlement of $0.42.

40. Defendants deny the allegations of Paragraph 40. Answering further, Defendants state that the language quoted in Paragraph 40 was taken out of context. The document from which the language was taken speaks for itself, and Defendants deny all allegations inconsistent with the terms thereof.

41. Defendants deny the allegations of Paragraph 41. Answering further, Defendants state that the language quoted in Paragraph 41 was taken out of context. The document from which the language was taken speaks for itself, and Defendants deny all allegations inconsistent with the terms thereof.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43, except admit that their long April/May 2008 WTI calendar spread position included a cash WTI component of approximately 6.3 million barrels on or around March 19, 2008.

44. Defendants deny the allegations of Paragraph 44, except admit that from approximately March 14 to 19, 2008 they sold approximately 14,400 contracts of the WTI futures component of their April/May spread position.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46, except admit that they sold approximately 6.3 million barrels of the cash component of their long April/May 2008 WTI calendar spread position. Answering further, Defendants state that the language quoted in Paragraph 46 was taken out of context. The documents from which the language was taken speak for themselves, and Defendants deny all allegations inconsistent with the terms thereof.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51, except admit that on or after April 17, 2008, they sold approximately 2.8 million barrels of the cash component of their long May/June 2008 WTI calendar spread position and stored approximately 2.5 million barrels of that component.

52. Defendants deny the allegations of Paragraph 52.

## COUNTS I AND II

## MANIPULATION

53. Paragraph 53 makes no allegation against Defendants; therefore, no response from Defendants is required.

54. Paragraph 54 makes no allegation against Defendants; therefore, no response from Defendants is required. To the extent a response is required, Defendants admit the allegations of Paragraph 54.

55. Defendants deny the allegations contained in the first sentence of Paragraph 55. The second sentence purports to state a legal conclusion; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations contained in

the second sentence. Answering further, Defendants state that they relied on advice of counsel regarding the legality of their WTI calendar spread trading throughout the relevant period.

56. Paragraph 56 purports to state a series of legal conclusion; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of Paragraph 56, except admit the allegations contained in the first sentence.

57. Defendants deny the allegations of Paragraph 57.

## COUNTS III, IV AND V
## ATTEMPTED MANIPULATION

58. Paragraph 58 contains no allegation directed at Defendants; therefore, no response from Defendants is required.

59. Paragraph 59 makes no allegation against Defendants; therefore, no response from Defendants is required. To the extent a response is required, Defendants admit the allegations of Paragraph 59.

60. Defendants deny the allegations contained in the first sentence of Paragraph 60. The second sentence purports to state a legal conclusion; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations contained in the second sentence. Answering further, Defendants state that they relied on advice of counsel regarding the legality of their WTI calendar spread trading throughout the relevant period.

61. Paragraph 61 purports to state a series of legal conclusion; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of Paragraph 61, except admit the allegations contained in the first sentence.

62.     Paragraph 62 purports to state a series of legal conclusions; therefore, no response from Defendants is required. To the extent a response is required, Defendants deny the allegations of Paragraph 62.

## VI.   AFFIRMATIVE DEFENSES

As and for their affirmative defenses to Plaintiff's claims, Defendants state as follows:

1.     Plaintiff's Complaint fails to state a valid claim against Defendants.

2.     This Court lacks subject matter jurisdiction over the claims alleged against Defendants.

3.     Plaintiff lacks authority to bring claims against Defendants for manipulation or alleged manipulation of WTI calendar spreads.

4.     Plaintiff lacks authority to bring claims against Defendants for manipulation or alleged manipulation based on Defendants' trading in the cash market, which was exempt from application of the Commodity Exchange Act during the relevant period.

5.     Defendants assert all other affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, Defendants respectfully request that this Court:

a. Dismiss the Complaint in its entirety as to each of them; and

b. Grant such other and further relief as the Court deems just.

Dated: May 31, 2012                                    Respectfully Submitted By:

/s/ Timothy J. Carey
Timothy J. Carey
Elizabeth M. Bradshaw
Brigitte T. Kocheny
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
Fax: (312) 558-5700

/s/ Thomas J. Quigley
Thomas J. Quigley
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
Fax: (212) 294-4700
TQuigley@winston.com

/s/ Fred F. Fielding
Fred F. Fielding
Mark R. Haskell
Levi McAllister
MORGAN LEWIS
1111 Pennsylvania Ave., NW
Washington, DC 20004
(202) 739-3000
Fax: 202 739-3001

*Attorneys for the Defendants*