Pauley, J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/25/12

RECEIVED
JUN 20 2012
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

U.S. COMMODITY FUTURES TRADING COMMISSION,

Plaintiff,

v.

PARNON ENERGY INC., ARCADIA PETROLEUM LTD., ARCADIA ENERGY (SUISSE) SA, NICHOLAS J. WILDGOOSE and JAMES T. DYER,

Defendants.

11-Civ.-3543 (WHP)

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff United States Commodity Futures Trading Commission ("CFTC") and Defendants Parnon Energy Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer (collectively "Defendants") (hereinafter referred to collectively as "Parties" or any one individually as a "Party"), through their respective counsel of record, anticipate that discovery in this action (the "Action") is likely to involve the disclosure of confidential or sensitive commercial, financial and/or business information; and

WHEREAS, the Parties desire to enter into an agreement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect such confidential or sensitive commercial, financial and/or business information ("Protective Order");

It is hereby STIPULATED, AGREED and ORDERED as follows:

A. **Scope**

1. This Protective Order shall govern the use and handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, electronically stored information, testimony and other information produced, given, or exchanged by and among the Parties and any non-parties to the Action in connection with discovery in the Action, whether produced or supplied pursuant to a formal discovery request or subpoena, a request made at a deposition, or any other formal or informal means (such information hereinafter referred to as "Discovery Material"). This Protective Order shall also govern the filing of certain information under seal and certain other matters in connection with this Action. All Parties to this Action and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth below with respect to documents and materials produced and/or disclosed in discovery. Notwithstanding anything else contained herein, nothing in this Protective Order shall in any way limit the right of a producing or supplying party (hereinafter "Producing Party") to make whatever use it deems appropriate of its own documents.

2. All Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action or *In re: Crude Oil Commodity Futures Litigation*, pending in the U.S. District Court for the Southern District of New York, Case No. 11-CIV-3600 (WHP), and shall not be disclosed to any person except in accordance with the terms hereof. The attorneys of record for the Parties and all other persons receiving Discovery Material governed by the Protective Order shall take all reasonable steps to ensure that the Discovery Material governed by the Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons. In particular, Discovery Material may not be used for any commercial, business or other purpose.

3. Under this Protective Order, any Producing Party shall have the right to identify and designate Discovery Material as "Confidential" when the Producing Party in good faith believes it contains proprietary, confidential, private or commercially sensitive information, or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G) whether embodied in documents, physical objects or factual knowledge of persons.

4. Any Producing Party may designate Discovery Material as "Highly Confidential" when the Producing Party in good faith believes it contains extremely commercially sensitive or extremely private information including, but not limited to, material that contains confidential product pricing information, terms of buy-sell and other types of agreement, market positions, business transactions, names of customers, trade secrets or other similarly sensitive competitive or personal information, transaction data, non-public proprietary information, financial statements, and tax documents, whether embodied in documents, physical objects or factual knowledge of person.

5. A non-party who is obligated to provide discovery in this Action by deposition, production of documents, or otherwise, shall be afforded the protections of this Protective Order upon signing the declaration attached hereto as Exhibit A. By signing such declaration, the non-party also agrees to be bound by the terms of the Protective Order. After the Court enters the Protective Order, a copy of this Protective Order shall be served along with any subpoena served in connection with Action.

6. Any documents designated Confidential or Highly Confidential that are filed with the Court in this Action by the Producing Party, shall no longer be deemed Confidential or

Highly Confidential unless the Producing Party filing the documents has filed such information under seal pursuant to the procedures provided herein.

**B. Designation of Confidentiality**

Discovery Material may be designated Confidential or Highly Confidential within the meaning of this Protective Order as follows:

1. A Producing Party shall, if appropriate, designate Discovery Material as "Confidential" or "Highly Confidential" by stamping or labeling each page of the Discovery Material, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" (or "CONFIDENTIAL/PROTECTED" if space is limited), or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" (or "HIGHLY CONFIDENTIAL" if space is limited).

2. For Discovery Material that cannot be designated in the manner described in Paragraph B(1) above, the Producing Party may designate such Discovery Material as Confidential or Highly Confidential by stamping or labeling the Discovery Material itself or the exterior of the container(s)/media in or on which the Discovery Material is stored with the legend that appears in paragraph B(1), above.

3. The designation of Discovery Material as Confidential or Highly Confidential shall be made prior to, or contemporaneously with, the production or disclosure of that Discovery Material.

4. Portions of depositions shall be deemed Confidential or Highly Confidential only if they are designated as such when the deposition is taken or are so designated within ten (10) days after receipt of the transcript(s) by counsel for a Party or the deponent, except that all information disclosed in a deposition shall be treated as Confidential until at least ten (10) days

after the transcript(s) of said deposition is actually received by counsel for such party or the deponent to provide the opportunity for making the Confidential or Highly Confidential designation provided herein.

C. **Disclosure of Confidential Information**

1. Absent consent of the Producing Party, Discovery Material designated Confidential pursuant to this Protective Order and/or any information derived therefrom shall only be disclosed or made available by counsel for the Party receiving such Discovery Material to the following persons:

a. attorneys of record for the Parties, members of their firm or federal agency (including Commissioners), associate attorneys, paralegals, secretarial staff, clerical and other regular employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

b. officers, directors, employees, former employees, and agents of a Party, or parent or affiliate of a Party, to whom it is necessary that Discovery Material designated as Confidential under this Protective Order be shown in connection with the preparation and trial of this Action; provided, however, that prior to any such person receiving any Discovery Material designated as Confidential, the person shall execute a copy of EXHIBIT A – ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE; also provided that nothing in this paragraph prohibits the use of Confidential information in summary form and not including information or data that is or may be identifiable as information of any third party in evaluations, analyses or reports provided to senior management, officers or directors in connection with any attempt to settle or otherwise resolve this Action;

c. outside consultants, investigators, and experts (hereinafter collectively referred to as "experts") retained by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any expert receiving any Discovery Material designated as Confidential, the expert shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

d. the Producing Party or any person identified in such materials as the author, sender, addressee, or copy recipient of the Confidential information, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person

to whom the Confidential information is to be disclosed to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

e. any third-party or party-employee witness being examined in this Action in deposition or at trial to whom it is necessary that the Discovery Material designated as Confidential under this Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

f. the Court and the Clerk of Court and any of their respective staff and administrative personnel, and the Court reporters, stenographers employed to take depositions, and any essential personnel retained by the Court; and

g. any other person only upon order of the Court or upon stipulation of the Producing Party.

D. **Disclosure of Highly Confidential Information**

1. Absent consent of the Producing Party, Discovery Material designated Highly Confidential under this Protective Order and/or any information derived therefrom shall only be disclosed or made available by counsel of the Party receiving such Discovery Material to the following persons:

a. attorneys of record for the Parties, members of their firm or federal agency (including Commissioners), associate attorneys, paralegals, secretarial staff, clerical and other regular employees, service vendors of such counsel (including outside copying services and outside litigation support services such as translators and interpreters);

b. one (1) employee of Defendants collectively, to whom it is necessary that Discovery Material designated as Highly Confidential under this Protective Order be shown in connection with the preparation and trial of this action; provided, however, that prior to any such person receiving any Discovery Material designated as Highly Confidential, the person shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE; also provided that nothing in this paragraph will prohibit using Highly Confidential information, in summary form and not including information or data that is or may be identifiable as information of any third party, in evaluations, analyses or reports provided to senior management,

officers or directors in connection with any attempt to settle or otherwise resolve the Action;

c. experts retained by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any expert receiving any Discovery Material designated as Highly Confidential, the expert shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

d. the Producing Party or any person identified in such materials as the author, sender, addressee, or copy recipient of the Highly Confidential information, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person to whom the Highly Confidential information is to be disclosed to execute a copy of EXHIBIT A – ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

e. any third-party or party-employee witness being examined in this Action in deposition or at trial to whom it is necessary that the Discovery Material designated as Highly Confidential under Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness to execute a copy of EXHIBIT A - ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE;

f. the Court and the Clerk of Court and any of their respective staff and administrative personnel, and the Court reporters, stenographers employed to take depositions, and any essential personnel retained by the Court; and

g. any other person only upon order of the Court or upon stipulation of the designating party.

E. **<u>Restrictions and Procedures Regarding Confidential or Highly Confidential Information</u>**

1. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of information designated Confidential or Highly Confidential.

2. Except as provided in paragraphs C(1)(a-g) and D(1)(a-g) above, counsel for the Parties shall keep all documents designated as Confidential or Highly Confidential which are

received under this Protective Order secure within their possession and shall take reasonable efforts to place such documents in a secure area. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Discovery Material designated as Confidential or Highly Confidential under this Protective Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL UNDER PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL UNDER PROTECTIVE ORDER" if those words do not already appear.

3. If Confidential or Highly Confidential information is to be discussed or disclosed during a deposition, any Party shall have the right to exclude from attendance at the deposition, during the time the Confidential or Highly Confidential information is to be discussed, any person or entity not entitled under this Protective Order to receive such Confidential or Highly Confidential information.

4. To the extent that any materials subject to this Protective Order (or any pleading, motion, memorandum, affidavit or other papers referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential or Highly Confidential information, shall be filed under seal in conformity with paragraph 5 of the Court's Individual Practices, which requires leave of Court before filing any document under seal. The Parties shall file in paper form under seal (by the filing party) with the Clerk of the Court in a sealed envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED________________." In addition, any Party filing any portion of any papers under seal shall file via ECF a redacted copy of any such papers that removes any and all references to the Confidential or Highly Confidential information.

5. No Discovery Material designated as Confidential or Highly Confidential shall be made public at a hearing or at trial absent an application, which may be oral, to the Court for a ruling or an agreement of the Producing Party permitting such disclosure. Any Party intending to use at a hearing any Discovery Material designated Confidential or Highly Confidential by another Party shall where practicable give advance written notice to the Producing Party so that the Parties may discuss in advance of the hearing proposed procedures for handling such Discovery Material. Nothing contained in this paragraph shall be deemed to prohibit the use or introduction of otherwise Confidential or Highly Confidential documents at trial in the event the Court declines to rule on an application to clear the courtroom or otherwise to preserve the confidentiality of such documents, or in the event that the Court rules against such an application.

6. In the event any Discovery Material designated as Confidential or Highly Confidential is disclosed to any person not authorized by this Protective Order to receive the Discovery Material, the Party responsible for this disclosure must immediately, in writing, bring all pertinent facts relating to such disclosure to the attention of all Parties whose Confidential or Highly Confidential Discovery Material was disclosed and seek to prevent the further disclosure of such Discovery Material. The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

7. In the event disclosure of any Discovery Material designated as Confidential or Highly Confidential is sought from anyone subject to this Protective Order pursuant to a lawful subpoena or other legal process, such person or entity shall upon receipt of such request, notify the Producing Party within three business days and provide a copy of the subpoena or process and the date set for production, if specified. The Producing Party may then seek to prevent

disclosure by filing a motion for protective order or to take other appropriate action within a reasonable time, under the circumstances, but in any event prior to the date set for production, and the Confidential or Highly Confidential Discovery Material shall not be disclosed until resolution of any such challenge to the subpoena or process.

8. Except for non-commercial information that is personal and private information of an individual, no information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed.R.Civ.P. 26(c).

9. A Producing Party may redact or withhold non-commercial information that is personal and private information of an individual from Discovery Material, including but not limited to social security numbers, passport numbers, information protected under the Health Insurance Portability and Accountability Act (HIPAA). The Producing Party shall provide a log identifying the type of information withheld and the reason for the redaction or withholding.

10. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court. The Parties may not disclose any Confidential or Highly Confidential material to any party joined as an additional party to the Action unless and until such additional party has agreed in writing to be bound by the terms of this Protective Order.

F. **Challenging Designation of Confidentiality**

1. If any Party disputes whether any Discovery Material is properly designated as Confidential or Highly Confidential, the Parties agree to attempt to resolve such dispute among them. The Party who disputes the designation shall provide notice of its objection to the Producing Party. The Producing Party shall then respond in writing within twenty (20) days with its reason(s) for its designation. The Parties will then confer, at a time and in a manner mutually agreeable, and make reasonable efforts to resolve their differences. In the event the Parties are not able to resolve the dispute, the designation of confidentiality may be challenged upon motion. The burden of persuasion in any such challenge proceeding is on the Party asserting such confidentiality. However, a Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto, except that the failure to challenge the propriety of a designation of Discovery Material prior to the final Pre-Trial conference shall preclude any subsequent challenge.

G. **Inadvertent or Unintentional Disclosure**

1. If a Party inadvertently produces or provides Discovery Material that contains any Confidential or Highly Confidential information without designating it Confidential or Highly Confidential as provided in this Protective Order, it may be disclosed to others until the receiving Party is notified of the error by the Producing Party and/or the party whose Confidential or Highly Confidential information it is. The Producing Party may give written notice to the receiving Party that the Discovery Material is Confidential or Highly Confidential and should be treated in accordance with the provisions of this Protective Order. As soon as the receiving Party receives such notice, the Confidential or Highly Confidential information must be treated as if it had been timely designated under this Protective Order, and the receiving Party must in good

faith retrieve copies of the Discovery Material which it distributed or disclosed to persons not authorized to access such Confidential or Highly Confidential information, as well as retrieve copies made by all such persons, and must inform all such persons that the Confidential or Highly Confidential information is so designated and is subject to this Protective Order. If the receiving Party becomes aware during the review of any unmarked Discovery Material that such Discovery Material clearly contains Confidential or Highly Confidential information, the receiving Party must immediately notify the Producing Party and sequester the Discovery Material until the Producing Party has had a reasonable opportunity to respond. Counsel for the Producing Party is responsible for providing substitute copies of Confidential or Highly Confidential Discovery Material marked in accordance with this Protective Order, and counsel for the receiving Party must return or confirm in writing the destruction of unmarked copies upon receipt of any such substitute copies.

2. Any Discovery Material that contains privileged information, including but not limited to information protected by the attorney-client privilege, the deliberative process privilege or the attorney work product doctrine, shall be immediately returned if the Discovery Material appears on its face to have been inadvertently produced or if there is notice of the inadvertent production. The receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such Discovery Material shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

H. **Return of Confidential Material at Conclusion of Litigation**

1. Within sixty (60) days of the conclusion of this litigation and any appeal thereof, all material treated as Confidential or Highly Confidential under this Protective Order and not received in evidence (other than material subject to work product protection) shall be destroyed or returned to the Producing Party, at the option of the receiving party. Any work product treated as Confidential or Highly Confidential under this Protective Order shall be destroyed. Counsel of record for each party shall make written confirmations of compliance herewith and shall deliver the same to counsel for the Producing Parties not more than ninety (90) days after final termination of this litigation, along with executed copies of EXHIBIT A - ACKNOWLEDGEMENT AND DECLARATION OF COMPLIANCE obtained by such counsel. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

I. **Court Retains Jurisdiction**

1. After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to Confidential or Highly Confidential Discovery Material produced pursuant to this Protective Order for the purpose of enforcement of this Protective Order, including any appropriate sanctions for violations.

J. **Use of Discovery Material by the CFTC**

Notwithstanding the foregoing, nothing in this Protective Order shall limit:

1. The retention or use by the CFTC of any Discovery Material designated Confidential or Highly Confidential for any of the "Routine Uses of Information" identified in the CFTC's "Statement to Persons Providing Information About Themselves to the Commodity

Futures Trading Commission," or as otherwise authorized, permitted, or required by statutes and regulations governing CFTC practice, policy and procedures, including without limitation the Freedom of Information Act; or

2. The authority of the Commission set forth in Sections 8(a)(1)and 12 of the Commodity Exchange Act, 7 U.S.C. §§ 12, 16, to conduct such investigations as it deems necessary to ascertain the facts regarding the operations of boards of trade and other persons subject to the provisions of the Act; to cooperate with any department or agency of the Government of any State, territory, district or possession, or department, agency, or political subdivision thereof, any foreign futures authority, any department or agency of a foreign government or political subdivision thereof, or any person; to provide assistance to any foreign futures authority if said foreign futures authority so requests; to conduct such investigation as the Commission deems necessary to collect information and evidence pertinent to any request for assistance from any foreign futures authority; or for the Commission to obtain documents, testimony, or information pursuant to an agreement with a foreign futures authority to provide reciprocal assistance to the Commission in futures and options matters.

Dated: June 19, 2012

Respectfully submitted by:

Christine Ryall
Paul Hayeck
Saadeh Al-Jurf
Elizabeth Davis
U.S. COMMODITY FUTURES TRADING COMMISSION
1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5000

*Attorneys for the Plaintiff*

Timothy J. Carey
Elizabeth M. Bradshaw
Brigitte T. Kocheny
WINSTON & STRAWN LLP
35 W. Wacker Dr.,
Chicago, IL 60601
(312) 558-6232

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.

6/25/12

Fred F. Fielding
Mark R. Haskell
Levi McAllistar
MORGAN LEWIS
1111 Pennsylvania Ave., NW
Washington, DC 20004
(202) 739-3000

*Attorneys for the Defendants*

Dated: June ____, 2012
New York, New York

**SO ORDERED:**

______________________________
WILLIAM H. PAULEY III
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

U.S. COMMODITY FUTURES TRADING COMMISSION, : 11-Civ.-3543 (WHP)

Plaintiff,

v.

PARNON ENERGY INC., ARCADIA PETROLEUM LTD., ARCADIA ENERGY (SUISSE) SA, NICHOLAS J. WILDGOOSE and JAMES T. DYER,

Defendants.
--------------------------------X

**ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE**

I hereby acknowledge that I have been given a copy of the Stipulated Protective Order dated ____________, 2012, in the above-captioned case; that I have read the Stipulated Protective Order; and that I agree to be bound by it. I further understand and agree that I shall not disclose Confidential or Highly Confidential information or documents to others, except in accordance with the Stipulated Protective Order. I further understand and agree that my obligation to honor the confidentiality of such Confidential or Highly Confidential information or documents will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Stipulated Protective Order, I will be subject to sanctions, including but not limited to sanctions by way of contempt of court. I further understand and agree to submit myself to the personal jurisdiction of this Court for matters pertaining to this acknowledgment and declaration.

(If executed within the United States, its territories, possessions or commonwealths) I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _______, _________ at ______________________ by

________________________________ Signed: ___________________________.

(If executed outside of the United States) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ____ day of __________, _________ at ______________________ by

________________________________ Signed: ___________________________.