UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br>　　　　　Plaintiff,<br><br>　v.<br><br>PARNON ENERGY INC., ET AL.,<br>　　　　　Defendants. | No. 11 Civ. 3543 (WHP)<br><br>AND |
| IN RE: CRUDE OIL COMMODITY FUTURES LITIGATION<br><br>This Document Relates To:<br>　All Actions | MASTER FILE<br>No. 11 Civ. 3600 (WHP) |

**OBJECTIONS OF NON-PARTY PLAINS ALL AMERICAN PIPELINE, LP TO PUTATIVE CLASS PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF <u>DOCUMENTS AND MOTION FOR PROTECTIVE ORDER</u>**

**VINSON & ELKINS L.L.P.**

William R. Vidgor
Crystal N. Y'Barbo
2200 Pennsylvania Avenue, Suite 500 West
Washington, D.C. 20037-1701
Telephone: 202.639.6500
Telecopy: 202.879.8861
wvigdor@velaw.com
cybarbo@velaw.com

Hilary Preston
Marisa Antos-Fallon
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Telephone: 212.237.0000
Telecopy: 212.237.0100
hpreston@velaw.com
mantosfallon@velaw.com

James D. Thompson
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone:  713.758.4502
Telecopy:  713.615.5765
jthompson@velaw.com

*ATTORNEYS FOR PLAINS ALL AMERICAN PIPELINE, LP*

**TABLE OF CONTENTS**

I.    Background ..................................................................................................................... 1

II.   A Protective Order Should Issue Preventing Dissemination of Plains' Documents and Other Information Outside the Strict Confines of the CFTC Litigation. ....................... 5

      A.    Legal Standard ..................................................................................................... 5

      B.    Putative Class Plaintiffs are Not Entitled to Access Plains' Proprietary Documents, which are Available in the CFTC Litigation Solely by Virtue of Plains' Good-faith Compliance with the CFTC's Investigative Authority. ........................................................................................................... 7

III.  Conclusion .................................................................................................................. 11

i

## TABLE OF AUTHORITIES

**Cases**

*ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc.*,
  08 Civ. 5737 (RMB), 2009 WL 105503 (S.D.N.Y. Jan. 14, 2009) ............................................ 8

*Concord Boat Corp. v. Brunswick Corp.*,
  169 F.R.D. 44 (S.D.N.Y. 1996) ............................................................................................... 5

*Echostar Commc'ns Corp.*,
  180 F.R.D. 391 (D. Colo. 1998) ........................................................................................... 6, 9

*Grand River Enterprises Six Nations, Ltd. v. King*,
  02 Civ. 5068(JFK), 2009 WL 222160 (S.D.N.Y. Jan. 30, 2009) ......................................... 6, 9

*In re Biovail Corp. Sec. Litig.*,
  247 F.R.D. 72 (S.D.N.Y. 2007) ............................................................................................ 5, 8

*In re Fosamax Prods. Liability Litig.*,
  No. 06-MD-1789, 2009 WL 2395899 (S.D.N.Y. Aug. 4, 2009) .......................................... 5, 8

*In re Sealed Case (Medical Records)*,
  381 F.3d 1205 (D.C. Cir. 2004) .............................................................................................. 6

*N. Atlantic Instruments, Inc. v. Haber*,
  188 F.3d 38 (2d Cir. 1999) ...................................................................................................... 8

*Tonnemacher v. Sasak*,
  155 F.R.D. 193 (D. Ariz. 1994) ............................................................................................... 6

*United Air Lines, Inc. v. United States*,
  26 F.R.D. 213 (D. Del. 1960) .................................................................................................. 5

**Other Authorities**

8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard Marcus & Adam N.
  Steinman, *Federal Practice and Procedure* § 2036 (3d ed. 2013) ................................. 5, 6, 7

**Rules**

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 5, 7
Fed. R. Civ. P. 26(c)(1) ...................................................................................................................... 7
Fed. R. Civ. P. 26(c)(1)(G) .............................................................................................................. 10

Pursuant to the Order of this Court dated June 11, 2013 (In re Crude Oil Commodity Futures Litigation, 11 Civ. 3600 (S.D.N.Y.) (the "Class Action") [Dkt. No. 96]; U.S. Commodity Futures Trading Commission v. Parnon Energy Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer, No. 11 Civ. 3543 (S.D.N.Y.) (the "CFTC Action") [Dkt. No. 67]), Non-party Plains All American Pipeline, LP ("Plains") hereby serves its objections to certain requests within Putative Class Plaintiffs' First Request for the Production of Documents.[1] Plains seeks to prevent dissemination of its proprietary commercial information to Plaintiffs. Plaintiffs oppose these objections, the U.S. Commodity Futures Trading Commission ("CFTC") has stated that it takes no position, and Defendants have reserved taking any position until after reviewing the filing.

I. Background

In the Class Action, Putative Class Plaintiffs have submitted document requests to Defendants Parnon Energy Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose, and James T. Dyer (collectively, "Defendants"), requesting production of 136 categories of documents and other information. *See* Exhibit A to Declaration of Lawrence Dreyfuss, ("Dreyfuss Decl."). Putative Class Plaintiffs' request number 135 is a blanket request seeking production of, in pertinent part, all documents provided to Defendants by the CFTC in connection with the separate CFTC Action. Through this blanket document request, Putative Class Plaintiffs seek documents including more than one million pages of non-party Plains' proprietary documents and transcripts of confidential depositions of Plains employees. The proprietary documents include customer contracts; emails and other internal communications discussing confidential information; business records; committee reports and minutes; and

---

[1] Plains files these objections and motion for protective order, rather than a motion to intervene and for protective order, per the instructions in the Court's June 11, 2013 Order and a confirmation telephone conversation with Court chambers on June 20, 2013.

inventory, pipeline, terminalling, and other types of highly proprietary reports and data. Dreyfuss Decl., ¶ 7.

At a discovery conference in this action on May 30, 2013, Defendants notified the Court that certain non-parties were likely to object to Defendants' production of documents in response to request number 135. In order to permit these objections to be heard, the Court ordered that any non-party objection to the Putative Class Plaintiffs' First Request for the Production of Documents be filed no later than June 21, 2013.

The CFTC Action is a civil action investigated and brought by the CFTC against Defendants. During its related investigation, the CFTC first voluntarily requested information, and then issued subpoenas, to obtain an untold number of pages of proprietary business documents of entities such as Plains. Plains alone produced well over one million pages, and Plains understands that it is but one of dozens of similarly situated non-parties. The CFTC's document collection was made in connection with the CFTC's national crude oil investigation. To Plains' knowledge, at no time was Plains investigated for violating the Commodities Futures Exchange Act. Dreyfuss Decl., ¶ 4.

Plains cooperated in good faith with the CFTC's investigation. It made witnesses available to the CFTC for requested depositions, and provided documents and information. Nonetheless, Plains acted at all times with extreme reservation and concern for the protection of its confidential and proprietary information. Plains provided that highly proprietary information with the understanding that it would not be disclosed to the public. Plains timely requested that the CFTC treat Plains' documents and other information confidentially, and it timely filed notices with the CFTC's Freedom of Information Act compliance office indicating that the documents are exempt from disclosure in response to FOIA requests. Dreyfuss Decl., ¶ 4.

2

After the CFTC brought the action against Parnon and the other Defendants, the CFTC notified Plains that certain of its documents would be produced to Parnon and its counsel. Based on the terms of the Protective Order in the CFTC Action, Plains understood that the disclosure of Plains' Highly Confidential information would be limited to two law firms, the CFTC, and one employee, collectively, of Defendants. *See* Stipulated Protective Order, *U.S. Commodity Futures Trading Commission v. Parnon Energy Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer*, No. 11 Civ. 3543 (S.D.N.Y.) [Doc. No. 59] ("Protective Order"), ¶ D(1). The Protective Order expressly states that, "absent consent," Highly Confidential information "shall only be disclosed or made available to the following persons," in relevant part: "attorneys of record for the" CFTC and Defendants[2] and related staff (¶ D(1)(a)); "one (1) employee of Defendants collectively, to whom it is necessary" that the material "be shown in connection with the preparation and trial of this action" (¶ D(1)(b)); and "experts retained by" the CFTC or the Defendants (¶ D(1)(c)). Moreover, the CFTC emphasized these three limitations and provided further reassurances that they would be strictly abided.[3] As a result, Plains reluctantly agreed to what it believed would be limited disclosure in connection with the CFTC's investigation. Dreyfuss Decl., ¶5. Until June 2013, Plains was unaware that the deposition transcripts of senior executives were also disclosed by the CFTC to Defendants.[4] Dreyfuss Decl., ¶5.

---

[2] The Protective Order in the CFTC Action references "Parties" here, and it defines the "Parties" as the CFTC and Defendants Parnon Energy Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer. Protective Order at 1.

[3] The Protective Order also contemplated disclosure to the party producing the materials (¶ D(1)(d)); a witness being examined at deposition or trial under certain conditions (¶ D(1)(e)); or court staff (¶ D(1)(f)). Disclosure to other persons was not contemplated, and could be made only by agreement or upon Court order. (¶ D(1)(g)).

[4] Plains has not been permitted to obtain copies of these transcripts from the CFTC, despite requesting copies on multiple occasions. After learning that the CFTC had produced the

3

Now a putative national class of Plaintiffs seeks access to Plains' proprietary information. What began as a confidential government investigation, with FOIA and other confidentiality protections, threatens to become a widespread dissemination of information of over a million pages of Plains' internal documents. In relevant part, the Protective Order limits the disclosure of Plains' Highly Confidential information to two law firms, the CFTC, and one employee, collectively, of Defendants. The Protective Order elsewhere limits the use of information produced thereunder "only for the purposes of prosecuting or defending" the CFTC Action or the Class Action. Protective Order, ¶ A(2). By its own terms, this provision in no way expands the pool of people permitted to receive Plains' information. In fact, the paragraph continues to reiterate that the information "shall not be disclosed to any person except in accordance" with the limitations of the CFTC Action Protective Order. Protective Order, ¶ A(2). Plains at all times understood that any use of its documents in the Class Action would be subject to the limitations of paragraph D(1), and that access to its documents would be restricted to the parties specified therein. Now, a class of plaintiffs, of which "there are hundreds or perhaps thousands or more members," *see* Consolidated Am. Complaint ¶ 72, comes before the Court asking for yet another level of disclosure and risk of the dissemination of Plains' proprietary information.

The fact that Plains had little or no option but to provide its confidential business documents to a government agency, pursuant to the agency's investigation which included the issuance of agency subpoenas, was unsettling; that such documents were then required to be passed by that agency to the Defendants in the agency's resulting litigation was anxiety-producing; but that the materials might now be further disseminated, for purposes beyond the government's investigation and resulting litigation, is simply unpalatable. Moreover, Plaintiffs

---

transcripts to the Defendants, Plains renewed its request for copies in early June 2013, and it and the CFTC are currently attempting to negotiate terms of release.

have not made any showing that the relevance of these documents justifies disclosure of highly confidential documents to a nationwide class of plaintiffs. Accordingly, Plains brings this motion to protect its proprietary documents and information from such disclosure.

II.     **A Protective Order Should Issue Preventing Dissemination of Plains' Documents and Other Information Outside the Strict Confines of the CFTC Litigation.**

   A.     **Legal Standard**

The Federal Rules of Civil Procedure generally provide that parties may obtain discovery "regarding any nonprivileged matter *that is relevant* to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). The party seeking discovery bears the burden of articulating the relevance of a particular request; "discovery has limits and . . . these limits grow more formidable as the showing of need decreases." 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard Marcus & Adam N. Steinman, *Federal Practice and Procedure* § 2036 (3d ed. 2013) (quoting *United Air Lines, Inc. v. United States*, 26 F.R.D. 213, 219 n. 6 (D. Del. 1960)). The fact that the material at issue belongs to a non-party increases the showing required of the requesting party and is a factor weighing against disclosure. *See In re Fosamax Prods. Liability Litig.*, No. 06-MD-1789, 2009 WL 2395899, at *3 (S.D.N.Y. Aug. 4, 2009) ("In general, third parties are afforded more sympathy in weighing the burden of discovery because they have no personal stake in the litigation." ); *In re Biovail Corp. Sec. Litig.*, 247 F.R.D. 72, 74 (S.D.N.Y. 2007) (court must weigh the probative value of the information sought against the burden imposed on non-parties); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (same).

In addition, where the materials sought contain trade secrets or other highly confidential commercial information, the Court must balance the requesting party's need for the materials against the producing party's interest in protecting its proprietary information. *Grand River*

5

*Enterprises Six Nations, Ltd. v. King*, 02 Civ. 5068(JFK), 2009 WL 222160 at *5 (S.D.N.Y. Jan. 30, 2009) ("If a court finds that commercially sensitive materials are relevant to a party's claim, the court balances that party's need to have its chosen expert review the materials against the producing party's interest in protecting the materials from a potential competitor."); *see also Echostar Commc'ns Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (holding that requesting party must establish that "disclosure of the trade secrets is both relevant and necessary" and refusing to require disclosure of trade secret information); *Tonnemacher v. Sasak*, 155 F.R.D. 193, 195 (D. Ariz. 1994) (same). Indeed, "[n]umerous courts have found that, even with a protective order in place, the disclosure of commercially sensitive information to reliable and well-intentioned experts can be harmful." *Grand River Enterprises*, 2009 WL 222160 at *3 (refusing to compel discovery of commercially sensitive documents).

A District Court has wide discretion to decide what discovery restrictions may be appropriate in a particular case, *see* 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard Marcus & Adam N. Steinman, *Federal Practice and Procedure* § 2036 (3d ed. 2013) (discussing discovery limitations and a district court's discretion), and the resisting party's privacy interests in the documents should be given due consideration. *In re Sealed Case (Medical Records)*, 381 F.3d 1205 (D.C. Cir. 2004). Rule 26(c) of the Federal Rules of Civil Procedure provides, for example, that a court may, for good cause, issue an order protecting a person from the impacts of discovery efforts. The Court enjoys creative license when crafting this protection. A non-exclusive sampling of the types of orders permitted include: forbidding the disclosure or discovery altogether; forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; and requiring that a trade secret or other

confidential commercial information not be revealed or be revealed only in a specified way. *See* Fed. R. Civ. P. 26(c)(1).

  **B. Putative Class Plaintiffs are Not Entitled to Access Plains' Proprietary Documents, which are Available in the CFTC Litigation Solely by Virtue of Plains' Good-faith Compliance with the CFTC's Investigative Authority.**

  Putative Class Plaintiffs should not be permitted to exploit a third party's compliance with a confidential government investigation to obtain third-party documents to which Plaintiffs otherwise would not have access.  In addition, the Protective Order under which the documents were produced to Defendants permits release of the documents to neither Class Plaintiffs, their attorneys, nor their experts.  Putative Class Plaintiffs, through a blanket document request (Exhibit A to Dreyfuss Decl., request number 135) for all documents provided to the Defendants by the CFTC in the CFTC Action, seek documents including more than one million pages of non-party Plains' proprietary documents, as well as transcripts of confidential depositions of Plains employees.

  <u>First</u>, as a threshold matter, Putative Class Plaintiffs have not articulated to this Court the relevance of Plains' information to any claim or defense.  *See* Fed. R. Civ. P. 26(b)(1).  Absent this articulation, the inquiry should end and the protective order should issue.  *See* 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard Marcus & Adam N. Steinman, *Federal Practice and Procedure* § 2036 (3d ed. 2013) (limits on discovery grow more formidable as the requesting party's showing of need decreases; even very slight inconvenience may be unreasonable if there is an inadequate showing of need or articulation of relevance.)  The only relevance Plaintiffs have attempted to articulate to Plains is Plaintiffs' desire to understand industry market activity and trading data during the early-2008 timeframe.  Plaintiffs have made no attempt to articulate why they believe this request justifies production of *any*, much less *all* of Plains' confidential information that the CFTC produced to Defendants.

Second, the fact that the material at issue belongs to a non-party increases the showing required of the requesting party and is a factor weighing against disclosure. *In re Fosamax*, 2009 WL 2395899 at *3 (non-parties are generally afforded more protections from discovery requests "because they have no personal stake in the litigation."); *In re Biovail Corp. Sec. Litig.*, 247 F.R.D. at 74 ("the Court must weigh the probative value of the information against the burden of production on said non-parties."). As cannot be over emphasized, Plains' information was gathered and produced to the CFTC in good faith compliance with subpoenas and other requests from the CFTC in connection with their investigation. Plaintiffs should not be permitted to use the CFTC's subpoena authority as a back door to obtaining Plains' confidential documents and other information.

Third, the documents and other information at issue – well over one million pages – are the proprietary and confidential commercial and trade secret information of Plains, and are therefore entitled to heightened protection. Factors courts consider when determining if commercial information should be protected as trade secrets include, for example: (1) the extent to which information is known outside the business; (2) measures taken to guard secrecy of information; and (3) the value of information to business and its competitors. *See N. Atlantic Instruments, Inc. v. Haber*, 188 F.3d 38, 44 (2d Cir. 1999); *ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc.*, 08 Civ. 5737 (RMB), 2009 WL 105503 at *3 (S.D.N.Y. Jan. 14, 2009). Each of these factors counsels that Plains' information is protected as trade secrets.

The materials at issue include Plains' confidential customer contracts and pricing; a variety of proprietary business records, committee reports and minutes, many of which discuss company strategy and/or other proprietary information; detailed inventory, pipeline, terminalling, and other types of highly proprietary reports and data; and emails and other internal

8

communications discussing this and other confidential commercial information. Dreyfuss Decl., ¶ 7. This information is highly confidential, and disclosure or misuse could damage Plains' competitive standing in the storage and terminalling industry, as well as its customer relationships. *Id.* The details of this information are not known outside of Plains, except for the particular customers who may be involved. *Id.*

Plains has taken great steps to guard the secrecy of the information, including, for example, by designating it FOIA-exempt and "Confidential Treatment Requested" during the initial production to the CFTC; designating it "Highly Confidential" under the Protective Order in the CFTC Action; and, of course, resisting its disclosure in this non-CFTC litigation. Dreyfuss Decl., ¶ 8. The value of the information to Plains is extraordinary, as would be its value to Plains' competitors, hence Plains' strong concerns over production in the CFTC's litigation to Defendants, even with the protections afforded by the Protective Order. *Id.* Accordingly, Plains' documents and information are entitled to the protections of trade secrets or confidential commercial information.

Because Plains' materials are protected trade secrets, the Court must balance plaintiffs' need for the information with Plains' interest in protecting its proprietary documents. *Grand River Enterprises*, 2009 WL 222160 at *5; *see Echostar Comm. Corp.*, 180 F.R.D. at 394 (requesting party must establish "that disclosure of these trade secrets is both relevant and necessary."). Putative Class Plaintiffs cannot demonstrate a substantial need for Plains' information, which is of, at best, marginal relevancy to their action. *Grand River Enterprises*, 2009 WL 222160 at *5 (refusing to compel discovery under such conditions); *see Echostar Commc'ns Corp.*, 180 F.R.D. at 395 (same). Accordingly, Plaintiffs' requests should be denied and the Court should enter a protective order prohibiting Defendants from producing Plains'

documents to Plaintiffs. *See* Fed. R. Civ. P. 26(c)(1)(G) (expressly acknowledging that a court may issue a protective order requiring that a trade secret or other confidential commercial not be revealed).

The discrete and confidential nature of Plains' productions to the CFTC has set Plains on a slippery slope. What began as a confidential government investigation, with FOIA and other protections, led to the disclosure of the documents in the CFTC's litigation resulting from its investigation. Plains reluctantly agreed to that disclosure, subject to the understanding that the information would be available only to two law firms, the CFTC, and one employee, collectively, of Defendants. Now, a class of plaintiffs comes before the Court asking for yet another level of disclosure, a step further removed from the CFTC's "confidential" investigation. The disclosure of all of Plains' information to putative class Plaintiffs (not even limited to discretely-identified selections), to include information that Plains itself has been unable to see, impermissibly exploits Plains' cooperation with the government, at the expense of Plains' confidential business information.

In an effort to resolve this issue and save the Court's time, Plains has approached class counsel to discuss its objection. The meeting was to no avail. Importantly, the Protective Order does not allow disclosure of Plains' information to Plaintiffs or anyone else other than the CFTC or Defendants, and if it did, Plains would have never agreed to the CFTC's production of Plains' information to Defendants under those terms. Plaintiffs have not shown that Plains' documents or other information are relevant to the Class Action, and absent such showing, the documents should not be produced. In any event, the relevance is at most nominal and is outweighed by Plains' strong interest in maintaining the confidentiality of its proprietary communications, data, and business records. The Court enjoys broad discretion to restrict discovery, as justice requires,

and to prevent abuse of the discovery rules. Plains asks the Court to exercise that discretion here.

### III.  Conclusion

For these reasons, Plains respectfully requests that the Court grant Plains' request for a protective order prohibiting the disclosure of Plains' documents to Putative Class Plaintiffs.

Respectfully submitted,

Dated: June 21, 2013

*Of Counsel:*

James D. Thompson
  *Vinson & Elkins L.L.P.*
  1001 Fannin Street, Suite 2500
  Houston, Texas 77002
  Telephone:  713.758.4502
  Telecopy:  713.615.5765
  jthompson@velaw.com

William R. Vidgor
Crystal N. Y'Barbo
  *Vinson & Elkins L.L.P.*
  2200 Pennsylvania Avenue
  Suite 500 West
  Washington, D.C. 20037-1701
  Telephone: 202.639.6500
  Telecopy: 202.879.8861
  wvigdor@velaw.com
  cybarbo@velaw.com

By: /s/ Hilary Preston
Hilary Preston
Marisa Antos-Fallon
  *Vinson & Elkins L.L.P.*
  666 Fifth Avenue
  26th Floor
  New York, NY 10103-0040
  Telephone: 212.237.0000
  Telecopy: 212.237.0100
  hpreston@velaw.com
  mantosfallon@velaw.com

*ATTORNEYS FOR PLAINS ALL AMERICAN PIPELINE, LP*