UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>                           Plaintiff,<br><br>             -against-<br><br>PARNON ENERGY INC., ARCADIA PETROLEUM LTD, ARCADIA ENERGY (SUISSE) SA, NICHOLAS J. WILDGOOSE AND JAMES T. DYER,<br><br>                        Defendant.<br><br>-----------------------------------------------------------------------------<br><br>IN RE: CRUDE OIL COMMODITY FUTURES LITIGATION<br><br>-----------------------------------------------------------------------------<br><br>THIS DOCUMENT RELATES TO:<br>ALL MATTERS | 11 Civ. 3543 (WHP)<br><br><br><br>Master File No. 11 Civ. 3600 (WHP) |

## OBJECTIONS OF THIRD PARTY, SHELL OIL COMPANY, TO CLASS PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

### I.    Introduction

Pursuant to this Court's order dated June 11, 2013 (Docket No. 96), third party, Shell Oil Company, on behalf of itself and certain affiliated entities (collectively "Shell"), respectfully submits its objections to the Putative Class Plaintiffs' First Request for the Production of Documents, made pursuant to the Stipulated Protective Order entered on June 25, 2012 in *United States Commodity Futures Trading Commission v. Parnon Energy et al.*, 11 Civ. 3543 (Docket No. 59) ("Document Request").

The Document Request, and in particular Request Nos. 126 and 135 to which Shell's confidential information would ostensibly be responsive, go beyond what is permitted under the

1

discovery rules.  Despite the fact that Class Plaintiffs' action, as pled (i) is directed to the conduct of Parnon Energy, Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA and certain employees of the same ("Defendants"), (ii) is focused on trading in a specific grade of physical crude oil – West Texas Intermediate ("WTI"), and (iii) is bounded in time (January through May 2008) ("Relevant Period"), the requests would reach documents or communications that are (i) unrelated to the Defendants, (ii) concern **any aspect** of the crude oil markets, including **any grade** of crude oil, (iii) without limitation in time.  Indeed, the information Class Plaintiffs seek relates to **forty-six third parties**, none of whom to Shell's understanding are alleged to have any involvement in Class Plaintiffs' action.  For these reasons and the reasons set forth below, Shell objects specifically to Request Nos. 126 and 135 of the Document Request, and the Document Request generally to the extent that any other specific requests would call for the production of Shell's documents.

## II.      <u>Background</u>[1]

On information and belief, sometime in the second half of 2008, the U.S. Commodity Futures Trading Commission ("CFTC") initiated a non-public review of the crude oil markets in the United States.  As part of its review, Shell understands that the CFTC sought documents and information from a wide range of market participants covering an approximately two-year period (2007 and 2008).  The CFTC inquiry was not limited to West Texas Intermediate crude oil, but rather covered all grades of domestic oil.  As part of this review, Shell produced a variety of documents and information to the CFTC, including to the best of Shell's recollection records pertaining to Shell's refining operations, pipeline capacity, storage capacity and trading of crude

---

[1] As it has been as much as 5 years since Shell produced documents to the CFTC, and given the short window of time allowed by the Court for Shell to file its objections, Shell's factual recitation in this Objection is based on its best recollection of events.

oil.  In connection with its document productions, Shell requested confidential treatment under the Freedom of Information Act pursuant to CFTC Rule 145.9, 17 C.F.R. §145.9.

Shell understands that in May 2011, the CFTC filed an enforcement action against the Defendants in this Court ("CFTC Action").  Pursuant to the CFTC Action, Shell understands that the CFTC produced a variety of documents to the Defendants, including documents produced to the CFTC by Shell as part of the above described inquiry.  Shell understands that the CFTC produced documents to the Defendants for all of 2008 (and beyond), not just the Relevant Period.

On April 16, 2013, Class Plaintiffs served a first request for production of documents on the Defendants.  134 of the 136 requests appear to be focused on the Defendants' alleged activities involving WTI crude oil during the Relevant Period.  However, Request Nos. 126 and 135 are not similarly focused.  Rather, they provide, in pertinent part, as follows:

> 126.    All documents or communication **concerning the United States domestic crude oil industry, trading of physical crude oil** and/or trading of NYMEX WTI calendar spreads with any of the following entities, their affiliates and/or agents during the Relevant Period . . .

> 135.    All document requests, interrogatories, subpoenas and any other discovery issued by or to the Defendants in *U.S. Commodity Futures Trading Commission v. Parnon Energy, Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer*, No. 11 Civ. 3543 (S.D.N.Y.) and all responses, objections and any documents or other information produced in response thereto.  For the avoidance of doubt, this request includes, but is not limited to, all documents production (sic) by the CFTC to the Defendants in *U.S. Commodity Futures Trading Commission v. Parnon Energy, Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer*, No. 11 Civ. 3543 (S.D.N.Y.).

(emphasis supplied).  For purposes of the Document Request, "Relevant Period" means "between **at least** January 1, 2008 and **at least** May 15, 2008." (emphasis supplied).

### III.    General Objections

Shell asserts these General Objections to the Document Request.  These General Objections, unless otherwise stated, apply to each individual request, and these General Objections are incorporated by reference in the Specific Objections set forth below. Furthermore, these General Objections are neither waived nor limited by the Specific Objections.

1.      Shell objects to each document request to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, and/or any other applicable rule or court order.

2.      Shell objects to each document request to the extent it seeks the production of information that constitutes proprietary information, trade secrets or other confidential research, development or commercial information of Shell.  Disclosure of such information would cause substantial economic harm to Shell.  Further, such information is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Shell objects to each document request to the extent it seeks, or can be construed to seek, the disclosure of information protected from discovery by the attorney-client privilege, the evaluation privilege, the work-product doctrine or any other applicable privilege, exemption, or immunity recognized under federal, state, or international law.

4.      Shell objects to each document request to the extent that it requires the production of documents for which Shell requested confidential treatment pursuant to the Freedom of Information Act under CFTC Rule 145.9, 17 C.F.R. § 145.9.

5.      Shell objects to each document request to the extent that it is overly broad, unduly burdensome, vexatious, or harassing.

6.      Shell objects to each document request to the extent it calls for a legal conclusion.

7.      Shell objects to each document request to the extent that it seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

8.      Shell objects to each document request to the extent that it requires the production of documents that contain private information about individuals.

9.      Shell reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information provided or documents produced, as well as the right to object to further discovery relating to the subject matter of any information or document provided.

### IV.      Specific Objections

Rule 26(b) allows for discovery regarding "any non-privileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  Evidence is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence where the evidence does not relate to the claims or defenses in the lawsuit.  *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322-23 (Fed. Cir. 1990).  "Even the broad scope of civil discovery contemplated by the Federal Rules has its limits, however.  '[R]ule 26, the general discovery rule, [does not] permit[] blanket discovery upon bare skeletal request when confronted with an objection . . . Some degree of need must be shown."  *SEC v. NIR Group, LLC*, 2013 U.S. Dist. LEXIS 47522 (S.D.N.Y. March 24, 2013).

A.       **Request Nos. 126 and 135 Would Reach Documents That Likely have no Bearing on Class Plaintiffs' Claims against Defendants**

It is well established that an administrative agency like the CFTC has far reaching authority pursuant to which it can investigate "merely on suspicion that the law is being violated, **or even just because it wants assurance that it is not**." *United States v. Morton Salt*, 338 U.S. 632, 642-43 (1950) (emphasis supplied).

Sometime in the second half of 2008, Shell received requests for documents and information from the CFTC as part of the agency's review of the domestic crude oil markets.  In response to the CFTC requests, Shell produced a variety of information, including to the best of Shell's recollection records related to its crude oil refineries, storage caverns to which the company had access or an ownership stake, pipelines on which Shell transported crude oil and/or had an ownership stake, the company's use of these assets, *e.g.* pipeline nominations, and Shell's crude oil trading.  To the best of Shell's recollection, the requests encompassed **all domestic grades of crude oil**, not just WTI and they covered **all of 2007 and much of 2008**.  Although Shell was not privy to the CFTC's deliberative process, over time Shell came to believe that the CFTC's purpose in requesting such information from Shell was to better understand who had access to / ownership of the physical assets related to the production, transportation and storage of crude oil.  Although the CFTC never notified Shell that the inquiry had been completed, at some point the CFTC simply stopped communicating with Shell, leading Shell to conclude that the inquiry had been closed.  The CFTC never brought an enforcement action against Shell based on the above referenced inquiries.

To the extent that Shell's documents were provided in furtherance of the CFTC's market surveillance and regulatory oversight responsibilities, many of these documents related to the crude oil markets generally, and are not relevant to Class Plaintiffs' specific claims that the

**Defendants** manipulated the **WTI crude oil market** over a **5-month period in 2008**.  Similarly, the documents are not likely to lead to admissible evidence.

### B.      The Shell Documents Contain Shell's Proprietary, Commercial information

Apart from their lack of relevance, the Shell documents contain proprietary information belonging to Shell, much of which continues to be relevant to the company's day to day operations.  For example, access to information about the crude oil pipelines Shell owns / has access to, and how the company uses those pipelines provides a valuable insight into how Shell runs its U.S. operations.  Shell does not disclose information of this kind outside the company in the normal course and, in fact, takes steps to ensure that such information is not publicly available.  As another example, documents and information relating to Shell's trading of domestic crude oil, if disclosed to third parties, would potentially reveal strategies employed by Shell traders.  Such disclosure would place Shell at a competitive disadvantage to its counterparts.

### V.      <u>Conclusion</u>

Where, as here, Request Nos. 126 and 135 of the Document Request are overbroad, unduly burdensome, seek information that is not relevant or reasonably calculated to lead to discovery of admissible evidence, and would require the production of Shell's confidential commercial information, Shell objects to the Document Request.  Shell respectfully requests that the Court enter an order prohibiting the production of Shell's documents to Class Plaintiffs in response to Request Nos. 126 and 135 of the Document Request and any other request that may call for Shell's documents.

Respectfully submitted,

Dated:  June 21, 2013

By: _____ s/  Joshua L. Shapiro

Joshua L. Shapiro
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
Telephone:  (212) 504-5575
Facsimile:  (212) 504-6666
joshua.shapiro@cwt.com

Anthony M. Mansfield
(*pro hac vice* application to be filed)
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, NW
Washington, DC 20001
Telephone:  (202) 862-2321
Facsimile:  (202) 862-2400
anthony.mansfield@cwt.com

*Attorneys for Third Party Shell Oil
Company*