UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>PARNON ENERGY INC., ARCADIA PETROLEUM LTD, ARCADIA ENERGY (SUISSE) SA, NICHOLAS J. WILDGOOSE AND JAMES T. DYER,<br><br>Defendant.<br>------------------------------------------------------------------------<br>IN RE: CRUDE OIL COMMODITY FUTURES LITIGATION<br><br>------------------------------------------------------------------------<br>THIS DOCUMENT RELATES TO:<br>ALL MATTERS | 11 Civ. 3543 (WHP)<br><br>Master File No. 11 Civ. 3600 (WHP) |

**OBJECTIONS OF THIRD PARTY, MORGAN STANLEY CAPITAL GROUP, INC., TO CLASS PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS**

### I.   Introduction

Pursuant to this Court's order dated June 11, 2013 (Docket No. 96), third party, Morgan Stanley Capital Group, Inc. ("Morgan Stanley"), respectfully submits its objections to the Putative Class Plaintiffs' First Request for the Production of Documents, made pursuant to the Stipulated Protective Order entered on June 25, 2012 in *United States Commodity Futures Trading Commission v. Parnon Energy et al.*, 11 Civ. 3543 (Docket No. 59) ("Document Request").

The Document Request, and in particular Request Nos. 126 and 135 to which Morgan Stanley's confidential information would ostensibly be responsive, go well beyond what the

1

discovery rules allow. Despite the fact that Class Plaintiffs' action, as pled (i) is directed to the conduct of Parnon Energy, Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA and certain employees of the same ("Defendants"), (ii) is focused on trading in a specific grade of physical crude oil – West Texas Intermediate ("WTI"), and (iii) is bounded in time (January through May 2008) ("Relevant Period"), the requests as drafted would reach documents or communications that (i) are unrelated to the Defendants, (ii) concern **any aspect** of the crude oil markets, including **any grade** of crude oil, and (iii) are well outside the Relevant Period. For these reasons and the reasons set forth below, Morgan Stanley objects to Request Nos. 126 and 135 of the Document Request and the Document Request generally, to the extent they would call for the production of Morgan Stanley documents.

## II.     Background[1]

As part of its surveillance and regulatory oversight responsibilities, the U.S. Commodity Futures Trading Commission ("CFTC") routinely conducts non-public reviews of the commodities markets in the United States, including the crude oil markets. As part of these reviews, the CFTC often seeks documents and other information from a wide range of market participants over broad time periods. Morgan Stanley has produced a variety of documents and other information to the CFTC, including detailed and highly confidential records pertaining to its commodity trading business. In connection with its document productions, Morgan Stanley requested confidential treatment under the Freedom of Information Act pursuant to CFTC rule 145.9, 17 CFR. §145.9.

---

[1] As the documents Morgan Stanley produced to the CFTC go back as far as five years, and given the short window of time allowed by the Court for Morgan Stanley to file its objections, Morgan Stanley's factual recitation in its Objection is based on its best recollection of events.

Morgan Stanley understands that in May 2011, the CFTC filed an enforcement action against the Defendants in this Court ("CFTC Action"). Pursuant to the CFTC Action, the CFTC produced a variety of documents and other information to the Defendants, including documents and other information produced to the CFTC by Morgan Stanley. Morgan Stanley understands that the CFTC produced documents to the Defendants covering the entirety of 2008 (and beyond) – not just the Relevant Period.

On April 16, 2013, Class Plaintiffs served a first request for production of documents on the Defendants. Of the 136 requests, 134 appear to be focused on the Defendants' alleged activities involving WTI crude oil during the Relevant Period. However, Request Nos. 126 and 135 are not similarly tailored. Rather, they provide, in pertinent part, as follows:

> 126. All documents or communication **concerning the United States domestic crude oil industry, trading of physical crude oil** and/or trading of NYMEX WTI calendar spreads with any of the following entities, their affiliates and/or agents during the Relevant Period . . .
>
> 135. All document requests, interrogatories, subpoenas and any other discovery issued by or to the Defendants in *U.S. Commodity Futures Trading Commission v. Parnon Energy, Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer*, No. 11 Civ. 3543 (S.D.N.Y.) and all responses, objections and any documents or other information produced in response thereto. **For the avoidance of doubt, this request includes, but is not limited to, all documents production (sic) by the CFTC to the Defendants** in *U.S. Commodity Futures Trading Commission v. Parnon Energy, Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, Nicholas J. Wildgoose and James T. Dyer*, No. 11 Civ. 3543 (S.D.N.Y.).

(emphasis supplied). For purposes of the Document Request, "Relevant Period" means "between **at least** January 1, 2008 and **at least** May 15, 2008." (emphasis supplied).

### III.   General Objections

Morgan Stanley asserts these General Objections to the Document Request. These General Objections, unless otherwise stated, apply to each individual request, and these General

-3-

Objections are incorporated by reference in the Specific Objections set forth below. Furthermore, these General Objections are neither waived nor limited by the Specific Objections.

1. Morgan Stanley objects to each document request to the extent it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Southern District of New York, and/or any other applicable rule or court order.

2. Morgan Stanley objects to each document request to the extent it seeks the production of information that constitutes proprietary information, trade secrets or other confidential research, development or commercial information of Morgan Stanley. Disclosure of such information would cause substantial economic harm to Morgan Stanley. Further, such information is neither relevant to any issue in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

3. Morgan Stanley objects to each document request to the extent it seeks, or can be construed to seek, the disclosure of information protected from discovery by the attorney-client privilege, the evaluation privilege, the work-product doctrine or any other applicable privilege, exemption, or immunity recognized under federal, state, or international law.

4. Morgan Stanley objects to each document request to the extent that it requires the production of documents for which Morgan Stanley requested confidential treatment pursuant to the Freedom of Information Act under CFTC Rule 145.9, 17 C.F.R. § 145.9.

5. Morgan Stanley objects to each document request to the extent that it is overly broad, unduly burdensome, vexatious, or harassing.

6. Morgan Stanley objects to each document request to the extent it calls for a legal conclusion.

7. Morgan Stanley objects to each document request to the extent that it seeks documents not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

8. Morgan Stanley objects to each document request to the extent that it requires the production of documents that contain private information about individuals.

9. Morgan Stanley reserves all objections that may be available to it at any hearing or trial or on any motion to the use or admissibility of any information provided or documents produced, as well as the right to object to further discovery relating to the subject matter of any information or document provided.

## IV.     Specific Objections

Rule 26(b) allows for discovery regarding "any non-privileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(1) and (c)(1)(A).  *Id*.  Evidence is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence where the evidence does not relate to the claims or defenses in the lawsuit.  *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322-23 (Fed. Cir. 1990).  "Even the broad scope of civil discovery contemplated by the Federal Rules has its limits, however.  '[R]ule 26, the general discovery rule, [does not] permit[] blanket discovery upon bare skeletal request when confronted with an objection . . . Some degree of need must be shown." *SEC v. NIR Group, LLC*, 2013 U.S. Dist. LEXIS 47522 (S.D.N.Y. March 24, 2013).

### A. Request Nos. 126 and 135 Would Reach Documents That Likely Have No Bearing On Class Plaintiffs' Claims Against Defendants

It is well established that an administrative agency like the CFTC has far reaching authority pursuant to which it can investigate "merely on suspicion that the law is being violated, **or even just because it wants assurance that it is not**." *United States v. Morton Salt*, 338 U.S. 632, 642-43 (1950) (emphasis supplied).

Morgan Stanley has received and responded to various requests for documents and information from the CFTC as part of the agency's surveillance and regulatory oversight of the domestic crude oil markets. In response to the CFTC requests, Morgan Stanley has produced a variety of information, including records related to its commodity trading business. To the best of Morgan Stanley's recollection, certain of the requests it responded to encompassed, among other things, **all domestic grades of crude oil**, not just WTI, covered **substantial periods of 2008 and beyond**, and were not directed to Morgan Stanley's interactions with specific counterparties. Although Morgan Stanley was not privy to the CFTC's deliberative process, Morgan Stanley understands that the CFTC's purpose in requesting such information from Morgan Stanley (and many other market participants) was, among other things, to better understand who had access to and/or ownership of the physical assets related to the production, transportation and storage of crude oil. Therefore, from Morgan Stanley's perspective, many of the documents and information it previously produced to the CFTC (which are the subject of Request Nos. 126 and 135) were related to CFTC's efforts to assure itself that there was no manipulation of the domestic crude oil markets.

To the extent that Morgan Stanley documents were provided in furtherance of the CFTC's market surveillance and regulatory oversight responsibilities, many of these documents related to the crude oil markets generally, and are not relevant to Class Plaintiffs' specific claims

-6-

that the Defendants allegedly executed a scheme to manipulate the WTI crude oil market over a 5-month period in 2008.  Similarly, documents of this kind are not likely to lead to admissible evidence.

> **B.  The Morgan Stanley Documents Contain Morgan Stanley's Proprietary, Commercial Information**

Apart from their lack of relevance, the Morgan Stanley documents contain proprietary information belonging to Morgan Stanley, much of which continues to be relevant to the company's day-to-day operations.  Morgan Stanley does not disclose information of this kind outside the company in the normal course and, in fact, takes steps to ensure that such information is not publicly available.  If disclosed to third parties, these documents and other information, for example relating to Morgan Stanley trading of domestic crude oil, would potentially reveal strategies employed by Morgan Stanley traders.  Such disclosure would place Morgan Stanley at a competitive disadvantage to its counterparts.

> **C.  The Morgan Stanley Documents Likely Implicate U.K. Data Privacy Laws**

Morgan Stanley's crude oil business is a global operation with traders and other personnel located around the world, including in the United Kingdom and Singapore.  In responding to CFTC requests for information since 2008, Morgan Stanley has produced documents and other information to the U.K. Financial Conduct Authority for onward production to the CFTC.  To the best of Morgan Stanley's recollection, these documents and other information pertain to the company's participation in the crude oil markets.  Morgan Stanley believes that at least some of those documents implicate the data privacy laws of the United Kingdom.  For this reason as well, Morgan Stanley objects to their production to Class Plaintiffs.

## V. Conclusion

For the reasons set forth above, Request Nos. 126 and 135 of the Document Request are overbroad, unduly burdensome, seek information that is not relevant or reasonably calculated to lead to discovery of admissible evidence, and would require the production of Morgan Stanley's confidential and private commercial information. Morgan Stanley therefore objects to the Document Request and respectfully requests that the Court enter an order prohibiting the production of Morgan Stanley's documents to Class Plaintiffs in response to Request Nos. 126 and 135 of the Document Request and any other request that may call for Morgan Stanley's documents.

-9-

                                      Respectfully submitted,

Dated:  June 21, 2013

                              By:  _____   s/  Joshua L. Shapiro

Joshua L. Shapiro
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
Telephone:  (212) 504-5575
Facsimile:  (212) 504-6666
joshua.shapiro@cwt.com

Anthony M. Mansfield
(*pro hac vice* application to be filed)
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, NW
Washington, DC 20001
Telephone:  (202) 862-2321
Facsimile:  (202) 862-2400
anthony.mansfield@cwt.com

*Attorneys for Third Party Morgan Stanley Capital Group, Inc.*